Overton J.
delivered the following opinion of the court.
The only question made in this case, is, whether the plaintiff was bound in this case, to give the defendant ten days notice of the day on which he would receive his whiskey, before he could commence his suit. It seems, he demanded it at the defendant’s residence, two days only before suit. In the obligation, the place where payment was to be made was fixed, but the time when, is not specified. The decision of this question depends on the construction of the act of 1807, c. 95, s. 1. It is obscurely worded; but we are very clear, that it was, the intention of the legislature, that where the place of payment is fixed in the contract, it cannot be changed without the consent of both parties; and that demanding payment, at the residence of the defendant, does not entitle the plaintiff to his action—he must, in such case, give the defendant ten day previous notice of the time when he will attend at the place specified in the contract, and receive the payment; and if the debtor does not attend and make the payment at the time he is notified, then, and not before, the plaintiff can commence his suit. Should the defendant attend when he was not notified, he would not, as the legislature supposed, meet with the creditor, except by accident; and to avoid disputes on this subject the notice was required, and this period allowed to enable the debtor to provide and take the property to the place.
When the time is fixed, but not the place, then the creditor may give ten days notice, and compel the debtor to bring the property to a point equidistant between their places of residence; if he does not choose to give this notice, the debt is payable at the house of the debtor; and at any time after it fails due, the creditor can go there, demand the property, and if not paid, can sue presently.
We are therefore of opinion a nonsuit must be entered.